IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGINCOURT GAMING, LLC, <br> Plaintiff, <br><br> v. <br><br> ZYNGA, INC., <br> Defendant. | § <br> § <br> § <br> § <br> § Civil Action No. 1:11-cv-00720-(GMS) <br> § <br> § FILED UNDER SEAL <br> § <br> § |

### AGINCOURT GAMING LLC'S OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF WILLIAM PRINGLE IN SUPPORT OF ZYNGA INC'S MOTION TO TRANSFER VENUE

In conjunction with its Answering Brief in Opposition of Defendant Zynga Inc's Motion to Transfer Venue, Plaintiff Agincourt Gaming, LLC files this Motion to object to and ask the Court to strike portions of William Pringle's Declaration because they are not based on personal knowledge or are otherwise inadmissible. *See Parker v. Learn the Skills Corp.*, 530 F. Supp. 2d 661, 670 (D. Del. 2008) ("[S]tatements in affidavits only have value when they are based on the affiant's personal knowledge or some other admissible ground.").

**Paragraph 7.** In his declaration, Pringle names five employees from Zynga's San Francisco office who "are most likely to testify regarding the [accused] games." However, during his deposition, Pringle admitted that he did not select these five employees based on his personal knowledge, but rather relied on another Zynga employee to select them:

Q ... Did you personally decide to include the five employees? Was that your decision?

A No.

. . . .

Q Do you know who did decide which of the five employees to include in your Declaration? Whose decision was that?

A I believe it was the paralegal's.

1

> Q  Do you know why she selected these five?
>
> A  Yes. She selected them because they have been responsive to legal requests in the past and are knowledgeable about the games.

(Pringle Dep. 112:13–18, 113:12–19.)[1] In light of this testimony, Mr. Pringle's statements regarding these five employees should be stricken and given no consideration in deciding Zynga's Motion to Transfer, as the statements are not based on personal knowledge.

**Paragraph 13.** Pringle states that he "ha[s] been informed" of several matters related to the content of possible trial testimony. These matters clearly constitute hearsay and, therefore, are not "otherwise admissible." *Parker*, 530 F. Supp. 2d at 670. As such, they have no value and should be stricken.

**Paragraph 15.** Pringle states that "it would be extremely burdensome and expensive for Zynga to transfer or move all the relevant documents that pertain to the suit in Delaware." Yet, at his deposition, Pringle possessed none of the knowledge one would need to make such an assessment:

> Q  What proportion of the development documents relating to the accused games are stored electronically?
>
> A  I would be purely speculating on that question.
>
> . . . .
>
> Q  What's the volume of the relevant documents that pertain to the suit that you were referring to there?
>
> A  I'd be speculating again.
>
> . . . .
>
> Q  Can you tell us what the total cost would be for Zynga to have to transfer and move all of these relevant documents to Delaware, as it says here?

---

[1] Excerpts of the cited portions of Mr. Pringle's deposition are attached as Exhibit O to the Declaration of David Shank, filed in conjunction with Agincourt Gaming's Answering Brief to Zynga Inc.'s Motion to Transfer Venue. (*See* Shank Decl. ¶ 16, Ex. O.) For simplicity's sake, citations to Prescott's deposition are by page and line number of the transcript.

2

A    I'd be speculating, but certainly in the thousands of dollars, I believe.

Q    I don't want you to speculate, sir. Is it fair to say you don't have a particular cost in mind?

A    No, not a particular cost.

(Pringle Dep. 75:11–15, 80: 20–23, 81: 13–22.) Because Pringle can only speculate about the format and quantity of relevant documents, and the cost to transfer the documents to Delaware, the statement in his declaration regarding the "extreme[] burden[] and expense[]" of transferring documents was not based on his personal knowledge and, therefore, should be stricken.

For those reasons, Agincourt respectfully requests that the Court strike the portions of Pringle's declaration identified above and give them no consideration in analyzing Zynga's Motion to Transfer Venue.

Respectfully submitted,

Dated: March 1, 2012

FARNAN LLP

By:   /s/ Brian E. Farnan
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE 19801
302.777.0300
302.777.0301 (fax)
farnan@farnanlaw.com

OF COUNSEL:

William Christopher Carmody (NY State Bar No. 4539276)
Tibor L. Nagy (NY State Bar No. 4508271)
SUSMAN GODFREY LLP
560 Lexington Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
bcarmody@susmangodfrey.com
tnagy@susmangodfrey.com

David D. Shank (TX State Bar No. 24075056)
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, Texas 75202

Telephone: (214) 754-1935
Facsimile: (214) 754-1933
dshank@susmangodfrey.com

*Attorneys for Plaintiff Agincourt Gaming, LLC*