IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AGINCOURT GAMING LLC,                    :
                                         :
                    Plaintiff,           :
                                         :
        v.                               :          Civil Action No. 11-720-RGA
                                         :
ZYNGA INC.,                              :
                                         :
                    Defendant.           :

**MEMORANDUM OPINION**

Joseph J. Farnan, Jr., Esq., FARNAN LLP, Wilmington, Delaware; Attorney for Plaintiff.

Jack B. Blumenfeld, Esq., Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware; Attorney for Defendant.

July 29, 2013
Wilmington, Delaware

ANDREWS, U.S. DISTRICT JUDGE:

The Defendant has filed objections (D.I. 64) to the decision of the United States Magistrate Judge. (D.I. 60).[1] The Plaintiff has responded. (D.I. 66). The matter is now before this Court.

The motion at issue is a motion to transfer the case to the United States District Court for the Northern District of California. The Magistrate Judge had authority to make the decision pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that "a [district] judge may designate a magistrate judge to hear and determine *any* pretrial matter pending before the court, *except* a motion for injunctive relief, for judgment on the pleadings, for summary judgment, ..., to dismiss or to permit maintenance of a class action status, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." (emphasis added). Such a designation was made. (Oral Order, April 26, 2012).

The matters that are excepted from § 636(b)(1)(A) are controlled by § 636(b)(1)(B). The most significant difference between the two sections involves the standard of review.

A § 636(b)(1)(A) decision is subject to review as set forth in that section, which further provides that the district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Thus, findings of fact are reviewed for clear error. Review of the factual determinations is limited to the record that was before the magistrate judge. Determinations of applicable legal standards are reviewed for error. There are also decisions that involve the exercise of discretion, and discretionary decisions

---

[1] Foreshadowing the dispute to come, while the Magistrate Judge styled her opinion as a "Memorandum Opinion," the Defendant styled its objections as being to the "Report and Recommendation," notwithstanding that the Magistrate Judge nowhere refers to her product as being a Report and Recommendation.

are reviewed for abuse of discretion. "This deferential standard of review is 'especially

appropriate where the Magistrate Judge has managed this case from the outset and developed a

thorough knowledge of the proceedings.'" *Cooper Hospital/University Med. Ctr. v. Sullivan*,

183 F.R.D. 119, 127 (D.N.J. 1998) (quoting another District of New Jersey case).

A § 636(b)(1)(B) decision is subject to *de novo* review.

Thus, whether a particular decision of the Magistrate Judge will be upheld may depend,

in some cases, on how it is characterized. In this case, as the parties acknowledge, there is a split

of authority as to how a motion to transfer is characterized.[2] One might think this was a fairly

easy issue to resolve; after all, the statute expressly states which motions are not referrable to a

Magistrate Judge under § 636(b)(1)(A). A motion to transfer is not one of the listed non-

referrable motions. The statute does not have any language suggesting that motions like the

listed motions are also included.

The Court of Appeals, nevertheless, has put a gloss on the statute: "In essence, the statute

and [the New Jersey] local rule allow a magistrate judge to hear and determine nondispositive

motions and to recommend decisions to the court on dispositive motions. These

recommendations are subject to a heightened standard of review." *NLRB v. Frazier*, 966 F.2d

812, 816 (3d Cir. 1992). Our local rule describes the excepted motions as "dispositive" motions.

D.Del. LR 72.1(a)(3). Thus, our local rule too is consistent with the idea that a motion to transfer

is not a dispositive motion.

Subsequently to *Frazier*, the Court of Appeals made clear that a plain reading of §

636(b)(1)(A) is not enough.

---

[2] For example, *compare Carl Zeiss Meditec, Inc. v. Xoft, Inc.*, 2011 WL 1212235, at *1 (D.Del. Mar. 30, 2011) (deferential review), *with In re First Solar, Inc. Derivative Litig.*, Civ. Act. 12-412, slip op. at 2 n.1 (D.Del. July 12, 2013) *(de novo* review).

Nevertheless, because a remand order is dispositive insofar as proceedings in the federal court are concerned, the order is the functional equivalent of an order of dismissal for purposes of that section. While we recognize that after a remand a case may go forward in the state court, still the order for remand conclusively terminates the matter in the federal court against the will of the party who removed the case.

*In re U.S. Healthcare,* 159 F.3d 142, 145 (3d Cir. 1998).   In essence, the issue boils down to whether resolving a motion to transfer is a dispositive motion.  Both in common usage among lawyers, and in practical effect, the granting of a motion to transfer is not dispositive – the case would proceed, in federal court, much the same as it would had it stayed in the first jurisdiction. The resolution of a motion to transfer is not the "functional equivalent of an order of dismissal."

Thus, I conclude that a motion to transfer is not a dispositive motion for purposes of § 636(b)(1), and I proceed to review the Magistrate Judge's decision under the deferential standard of review of § 636(b)(1)(A).

I examine the conclusion that transfer should be denied for an abuse of discretion.  In this regard, the Magistrate Judge went through each of the transfer factors.  She balanced them, and the balancing was reasonable.  Indeed, I have sometimes balanced the *Jumara* factors in cases with similar circumstances, and denied transfer; other times, I have granted transfer.  Motions to transfer are sometimes close calls.  When at least a dozen factors are being considered, small distinctions may make a difference.  Here, the Magistrate Judge gave considerable weight to Plaintiff's choice of forum, which was reasonable given that both Plaintiff and Defendant are Delaware corporations. *See Micron Tech, Inc. v. Rambus Inc.*, 645 F.3d 1311, 1332 (Fed. Cir. 2011).  It may be that more of the factors favored transfer than not, but the Magistrate Judge did not abuse her discretion in reaching a reasoned conclusion that all of the factors favoring transfer, taken as a whole, were insufficient to outweigh the deference owed under Third Circuit precedent to Plaintiff's choice of forum.

I do not believe that the Magistrate Judge treated as dispositive that both Plaintiff and Defendant are Delaware corporations. (D.I. 64, at 3-4). Thus, there was no legal error.

I also do not believe that any of the Magistrate Judge's findings are clearly erroneous.

Third Circuit law does strongly support the Plaintiff's choice of forum, although not as strongly as if the Plaintiff had stronger connections to Delaware.

As for where the claims arise, Defendant does not allege that the Magistrate Judge erred in stating that it sells and distributes its products nationally, which supports the conclusion that the "where the claims arose factor" is neutral. In my opinion, the transcript of oral argument shows that the Defendant agreed with this proposition. Thus, Defendant cannot complain about the Magistrate Judge's conclusion.

The Defendant also complains that the Magistrate Judge erred in concluding that the convenience of the parties favored transfer. The primary basis for this argument is that the Defendant would have $10,000 to $100,000 in extra costs in litigating in Delaware. The Magistrate Judge's conclusion that this financial impact, on a multi-billion dollar corporation, in a case likely to cost multiple millions to litigate, was such a modest financial burden that it did not impact on the convenience of the parties is not clearly erroneous. Neither was it clearly erroneous not to find this factor in favor of the Defendant because its employees would be "called away from work." If there is a trial in Delaware, an unlikely event, then Defendant and its witnesses might be inconvenienced, but this is fairly speculative. Most of the inconvenience comes from being sued in the first place, and that is going to be the same regardless of where an eventual trial is held.

The Defendant also challenges the conclusion that the convenience of the witnesses is neutral. Under Third Circuit law, in regard to this factor, only non-party witnesses matter. The

primary non-party witnesses – the inventors – appear to be available to testify in Delaware.  The

Magistrate Judge's conclusion that this factor was neutral is therefore not clearly erroneous.

This is not a local controversy.  Thus, the Defendant's last argument (D.I. 64, pp. 9-10) is

without merit.

Therefore, the Magistrate Judge's decision is affirmed.   A separate order will be entered.