IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AGINCOURT GAMING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 11-720 (RGA) |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ZYNGA INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO SUPPLEMENTAL COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF ZYNGA INC.

Defendant Zynga Inc. ("Zynga"), by and through its undersigned attorneys, submits this Answer to Plaintiff Agincourt Gaming, LLC's ("Agincourt Gaming") Supplemental Complaint for Patent Infringement (D.I. 84, "Supplemental Complaint").

## PARTIES

1.      Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, therefore, denies them.

2.      Admitted.

## JURISDICTION AND VENUE

3.      Zynga admits that Agincourt Gaming purports to bring this action as one for alleged patent infringement arising under 35 U.S.C. §§ 100, *et seq.*, and in particular § 271. Zynga denies the remaining allegations of paragraph 3, and specifically denies any such infringement.

4.      Zynga admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338(a). Zynga denies the remaining allegations of paragraph 4.

5.      Zynga admits that this Court has personal jurisdiction over it because Zynga is a Delaware corporation.  Zynga denies the remaining allegations of paragraph 5.

6.      Zynga does not contest that venue is appropriate in this District because Zynga resides in this District.  Zynga denies the remaining allegations of paragraph 6.

## ASSERTED PATENTS

7.      Zynga admits that U.S. Patent No. 8,454,432 ("the '432 Patent") bears an issue date of June 3, 2013, and a title of "Method for Providing Network Gaming System," and that what purports to be a copy of the '432 Patent was attached to the Supplemental Complaint as Exhibit 1.  Zynga denies that the '432 Patent was duly and legally issued.  Zynga is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and, therefore, denies them.

8.      Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and, therefore, denies them.

9.      Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and, therefore, denies them.

10.      Zynga denies the allegations of paragraph 10.

11.      Zynga denies the allegations of paragraph 11.

## FACTUAL BACKGROUND

12.      Zynga admits that the market for video games has changed over time.  Zynga is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 and, therefore, denies them.

13.      Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and, therefore, denies them.

14.      Zynga is without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 14 and, therefore, denies them.  Zynga further states that the words of one of its founders and its former CEO speak for themselves.

15.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and, therefore, denies them.

16.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, therefore, denies them.

17.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and, therefore, denies them.

18.     Zynga admits that it develops social network games and that it has millions of users.  Zynga is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and, therefore, denies them.

19.     Zynga denies the allegations of paragraph 19.

20.     Zynga denies the allegations of paragraph 20.

21.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and, therefore, denies them.

22.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and, therefore, denies them.

23.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and, therefore, denies them.

24.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and, therefore, denies them.

25.     Zynga denies the allegations of paragraph 25.

26.     Zynga denies the allegations of paragraph 26.

## INFRINGEMENT OF U.S. PATENT NO. 8,454,432

27.     Zynga repeats and incorporates each of its responses to the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.     Zynga denies the allegations of paragraph 28.

29.     Zynga denies the allegations of paragraph 29.

30.     Zynga denies the allegations of paragraph 30.

31.     The allegations contained in paragraph 31 do not contain facts which Zynga must admit or deny.  To the extent the allegations can be viewed as facts requiring a response, Zynga denies the allegations of paragraph 31.

## PRAYER FOR RELIEF

32.     Zynga denies any factual assertions contained in Agincourt Gaming's Prayer for Relief, and further denies that Agincourt Gaming is entitled to the relief it seeks or any other relief.

## AFFIRMATIVE DEFENSES

Zynga alleges and asserts the following defenses in response to the allegations of Agincourt Gaming's Supplemental Complaint, undertaking the burden of proof only as required by law.  Zynga reserves the right to amend its Answer, or assert additional affirmative defenses, as additional information becomes available and/or is discovered.

### FIRST AFFIRMATIVE DEFENSE
#### (Non-Infringement of the Asserted Patent)

33.     Zynga has not infringed and does not infringe, either literally or under the doctrine of equivalents, any claim of the '432 Patent.

### SECOND AFFIRMATIVE DEFENSE
#### (Prosecution History Estoppel)

34.     By reason of statements, representations, concessions, admissions, arguments,

and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the '432 Patent, Agincourt Gaming's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel and/or prosecution history disclaimer.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity of the Asserted Patent)

35.     The claims of the '432 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

36.     Agincourt Gaming is not entitled to recover damages due to the failure of it and its predecessors or licensees to mark products made by or for them, or to otherwise provide notice prior to the filing of this action in accordance with the provisions of 35 U.S.C. § 287(a).

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

37.     Agincourt Gaming's suit is barred or its claim for recovery is limited by the doctrines of laches, waiver and/or acquiescence.

### SIXTH AFFIRMATIVE DEFENSE
### (No Injunction)

38.     Agincourt Gaming is not entitled to any injunctive relief because any alleged injury to Agincourt Gaming is not immediate or irreparable, the balance of hardships and public interest weighs against the grant of an injunction, and Agincourt Gaming has an adequate remedy at law.

## COUNTERCLAIMS

Zynga hereby pleads the following counterclaims and makes the following allegations against Agincourt Gaming.

## THE PARTIES

1.      Zynga is a Delaware corporation with a principal place of business located in San Francisco, California.

2.      Agincourt Gaming has alleged that it is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in Dallas, Texas.

## JURISDICTION AND VENUE

3.      These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.      Personal jurisdiction and venue are proper in this Court under 28 U.S.C. § 1391(b) in that Agincourt Gaming admits in its Supplemental Complaint that it is a Delaware LLC.  Agincourt Gaming has also consented to jurisdiction and venue in this District by filing suit against Zynga in this Court.

## COUNT I
### (Declaratory Judgment of Non-Infringement)

6.      Zynga repeats and incorporates by reference paragraphs 1 through 5 of its Counterclaims as if fully set forth herein.

7.      Agincourt Gaming purports, and has alleged in its Supplemental Complaint, to be the assignee and owner of the entire right, title, and interest in and to the '432 Patent.

8.      Agincourt Gaming has charged Zynga with infringement of the '432 Patent by filing its Supplemental Complaint against Zynga.

9.      Zynga has not infringed and does not infringe, either literally or under the doctrine of equivalents, any claim of the '432 Patent.

10.      An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between Agincourt Gaming and Zynga with respect to the alleged infringement of the '432 Patent.

11.      Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Zynga is entitled to judgment declaring that it does not infringe, and has not infringed, either literally or under the doctrine of equivalents, any claim of the '432 Patent.

## COUNT II
### (Declaratory Judgment of Invalidity)

12.      Zynga repeats and incorporates by reference paragraphs 1 through 11 of its Counterclaims as if fully set forth herein.

13.      The claims of the '432 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

14.      An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between Agincourt Gaming and Zynga regarding the validity of the claims of the '432 Patent.

15.      Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Zynga is entitled to judgment declaring that the claims of the '432 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Zynga prays that the Court enter judgment in its favor and against Agincourt Gaming as follows:

A.      Denying all relief that Agincourt Gaming seeks in its Supplemental

Complaint;

B.     Declaring that Zynga does not infringe, and has not infringed, either literally or under the doctrine of equivalents, any claim of the '432 Patent;

C.     Declaring that the claims of the '432 Patent are invalid;

D.     Enjoining Agincourt Gaming, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from asserting or threatening to assert against Zynga, or against any customers or potential customers of Zynga, or against any users or potential users of Zynga's products and services, any charge of infringement of any claim of the '432 Patent;

E.     Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Zynga its costs and attorneys' fees; and

F.     Awarding any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Zynga requests a jury trial on all issues so triable.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Jennifer Ying*
_____
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendant Zynga Inc.*

OF COUNSEL:

Claude M. Stern
Evette D. Pennypacker
QUINN EMANUEL
  URQUHART & SULLIVAN L.L.P.
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, California 94065
(650) 801-5000

December 2, 2013
7816710

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 2, 2013, upon the following in the manner indicated:

Joseph J. Farnan, Jr., Esquire                           *VIA ELECTRONIC MAIL*
Brian E. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801

William Christopher Carmody, Esquire                     *VIA ELECTRONIC MAIL*
SUSMAN GODFREY LLP
560 Lexington Avenue, 15th Floor
New York, NY  10022

Ian B. Crosby, Esquire                                   *VIA ELECTRONIC MAIL*
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101

David D. Shank, Esquire                                  *VIA ELECTRONIC MAIL*
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, TX  75202-3775

/s/ Jennifer Ying
Jennifer Ying (#5550)